# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CR-00230-JAR-1 |
| JACOBI R. TEMPLE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's second pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2). (Doc. No. 459). The motion will be denied.

## BACKGROUND

On March 26, 2018, Defendant pled guilty to Conspiracy to Distribute Heroin (21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C)) and two counts of Possessing, Brandishing and Discharging a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death (18 U.S.C. § 924(j)(1) and 924(c)(1)(A)(iii) and (C)(i)). He was sentenced to a total of 600 months in prison plus five years of supervised release. Defendant is currently confined at USP McCreary, with a projected release date of August 30, 2058. He is 32 years old.

In July 2021, Defendant filed his first pro se motion for sentence reduction, asserting that his stacked sentence under the abrogated version of 18 U.S.C. § 924(c) constituted an extraordinary and compelling reason for his early release. The Court denied that motion, reasoning that the change to § 924(c) was not retroactive, and § 3553(a) sentencing factors weighed against a reduction given the nature of the offenses. (Doc. 430).

- 2 -

Defendant now brings this second motion, asserting that § 3582(c)(1)(A) allows for relief when a § 924(c) sentencing disparity is egregious, and it is an injustice for Defendant to serve a longer term of incarceration than Congress now deems warranted. Defendant points to his rehabilitation in prison as reflected by his participation in various programs, his desire to raise his young daughter, and support from his family and community. Defendant also cites *Lora v. United States*, where the Supreme Court held that the mandate requiring consecutive (rather than concurrent) sentences under § 924(c)(1)(D) does not govern sentences for a conviction under § 924(j). 599 U.S. 453 (2023). Finally, Defendant asks the Court to adjust his sentence on the conspiracy conviction in accordance with Amendment 821 of the Sentencing Guidelines.

## DISCUSSION

The First Step Act allows a defendant to file a motion for compassionate release after he has exhausted his administrative appeals or when the warden of the facility does not respond to the defendant's request after 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Defendant's present motion contains no indication that he renewed his request to the warden. This alone is grounds to deny the motion. Even were the Court to assume otherwise, it finds absolutely no basis for relief at this time.

As explained in further detail in the Court's previous order, a reduction in sentence is available only when supported by extraordinary and compelling reasons, policy statements from the Sentencing Commission, and the factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A)(i). Defendant seems to suggest that the severity of his sentence, imposed before the elimination of stacking within the same case, combined with his rehabilitation in prison, constitutes extraordinary and compelling circumstances warranting a reduction. The Eighth Circuit has squarely rejected this argument. *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022), *cert. denied*, 142 S.

Ct. 2781 (2022) (holding that the elimination of stacking combined with age, health, and rehabilitation factors "cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence"). Accordingly, the Court cannot grant relief on this basis.  It should be noted that the 600-month sentence was determined to be the fair and appropriate sentence in this case based on the seriousness of the offenses without regard to the issue of stacking.

Defendant further argues that *Lora* prohibits imposition of § 924(c) sentences on § 924(j) charges. But *Lora* holds that a § 924(j) sentence can run concurrently with *or* consecutive to another sentence.  *Lora*, 599 U.S. at 463.  Defendant's § 924(j) convictions were eligible for life imprisonment.  Even were the Court to reconsider the offenses without the stacking mandate, the Court would nonetheless impose the same sentence based on the relevant factors.

Sentencing Guidelines instruct that release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Court considers the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating the 18 U.S.C. § 3142(g) factors).  Likewise, § 3553(a) requires the Court to consider those same factors along with the need for the sentence to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (B) afford adequate deterrence to criminal conduct, and (C) protect the public from further crimes. 18 U.S.C. § 3553(a).

As stated in the Court's previous order, Defendant's offenses involved the distribution of heroin, three murders, and one attempted murder. In the Court's view, the original sentence reflects fair and just punishment given the heinous nature of the offenses and the human lives affected. Any reduction would not only discount the severity of the offense but would also undermine the deterrence purpose contemplated in § 3553(a). While the Court recognizes Defendant's efforts at

rehabilitation, they pale in comparison to the violent nature of the offenses.  The Court is unable to speculate whether or when, if ever, Defendant might no longer be a danger to society at some point before his current release date.  Put simply, even if Defendant were eligible for a sentence reduction, the Court would decline to exercise its discretion in Defendant's favor.

Finally, Defendant asks the Court to adjust his drug conspiracy sentence pursuant to Amendment 821 of the Sentencing Guidelines.  U.S.S.G. § 4C1.1.  Defendant does not qualify for an adjustment because this offense was intertwined with crimes of violence.  *Id*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for compassionate release is **DENIED**. (Doc. 459).

Dated this 5th day of November, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**