**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOBI R. TEMPLE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:15-cr-00230-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's third pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and counsel's motion to withdraw. ECF Nos. 472 & 473. The motion for a reduction in sentence will be denied. The motion to withdraw as counsel will be granted; no new counsel will be appointed.

**BACKGROUND**

On March 26, 2018, Defendant pled guilty to Conspiracy to Distribute Heroin (21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C)) and two counts of Possessing, Brandishing and Discharging a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death (18 U.S.C. § 924(j)(1) and 924(c)(1)(A)(iii) and (C)(i)). He was sentenced on June 27, 2018 to a term of imprisonment of 600 months, followed by five years of supervised release. He is currently incarcerated at USP McCreary with an expected release date of August 30, 2058. He is 34 years old.

On July 27, 2021, Defendant filed his first pro se motion for sentence reduction, asserting that his stacked sentence under the abrogated version of 18 U.S.C. § 924(c) constituted an extraordinary and compelling reason for his early release. ECF No. 428. The Court denied that motion, reasoning that the change to § 924(c) was not retroactive, and § 3553(a) sentencing factors weighed against a reduction given the nature of the offenses. ECF Nos. 430.

On June 7, 2024, Defendant filed a second pro se motion for sentence reduction, asserting that § 3582(c)(1)(A) allows for relief when a § 924(c) sentencing disparity is egregious and that it is unjust for Defendant to serve a longer term than Congress now deems warranted. ECF No. 459. Defendant noted his rehabilitation in prison, desire to raise his daughter, and community support. *Id.* at 2-3, 5. Defendant also cited *Lora v. United States*, 599 U.S. 453 (2023), where the Supreme Court held that the mandate requiring consecutive (rather than concurrent) sentences under § 924(c)(1)(D) does not govern sentences for a conviction under § 924(j). *Id.* at 2. Finally, Defendant asked the Court to adjust his sentence in accordance with Amendment 821 of the Sentencing Guidelines. *Id.* at 3. The Court denied that motion, first noting that Defendant had failed to renew his request to the warden of the facility as required. ECF No. 463 at 2. The Court further found that the elimination of stacking was not a basis for a reduction in sentence; that *Lora* would not change Defendant's sentence, even if the Court were to reconsider it; that release was not appropriate because the Court could not find that Defendant was no longer a danger to society; and that Defendant's offense did not qualify for adjustment under Amendment 821 because it was intertwined with crimes of violence. *Id.* at 2-4.

Defendant now brings this third motion, asserting that developments since the Court's last order should result in a reduction of his sentence. ECF No. 472. First, Defendant states that the Sentencing Commission's November 2023 amendments to U.S.S.G. § 1B1.13 require individualized consideration of post-sentencing developments and personal circumstances. *Id.* at 3. Second, Defendant describes four circumstances that he believes constitute extraordinary and compelling reasons for release, including his classification as low risk for recidivism by the Bureau of Prisons ("BOP"), new evidence of his rehabilitation, his youth at the time of the offense, and his plan for employment and housing upon release. *Id.* at 4-6. Lastly, Defendant asserts that the § 3553(a) factors support a reduction of his sentence. *Id.* at 6.

On November 4, 2026, Defendant's counsel filed a motion to withdraw due to a conflict of interest. ECF No. 473.

**LEGAL STANDARDS**

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Granting relief still lies within the district court's discretion. *Id.* Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include: (1) a terminal illness or serious medical condition; (2) the defendant's age (at least 65 years old); (3) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; (4) abuse by or at the direction of a person having control over the defendant and resulting in liability; (5) other reasons of similar gravity; or (6) for a defendant who received an unusually long sentence and has served at least 10 years, a subsequent change in the law (other than non-retroactive amendments to the guidelines) that would produce a gross disparity between the original sentence and the one he would have received after the change.[1] U.S.S.G. § 1B1.13(b).

[1] The Supreme Court recently invalidated reason (6) regarding gross sentencing disparities to the extent that it allows district courts to consider the disparity created by a non-retroactive change in the law. *See Rutherford v. United States*, 608 U.S. 454 (2026); *see also United States v. Loggins*, 181 F.4th 883, 887 (8th Cir. 2026) ("[W]e hold that the First Step Act's nonretroactive statutory changes to § 924(c), like other nonretroactive legal changes, cannot . . . constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).").

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating 18 U.S.C. § 3142(g) factors).

The third requirement focuses on the § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Compassionate release under 18 U.S.C. § 3582(c) is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019). The defendant bears the burden of establishing that such relief is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## DISCUSSION

### Administrative Exhaustion

As a preliminary matter, Defendant submitted a request to the warden of his facility on July 28, 2026. ECF No. 472 at 1. Though the record lacks any direct response from the warden, Defendant states that he did not receive a response from the warden within the thirty-day statutory period. *Id.* at 3; *see also* 18 U.S.C. § 3582(c)(1)(A). The Court will assume that Defendant sufficiently exhausted his administrative remedies and thus proceed to the merits.

**Extraordinary and Compelling Reasons**

Defendant asserts that his circumstances are extraordinary and compelling. Defendant states that the Sentencing Commission's November 2023 amendments to U.S.S.G. § 1B1.13 require "individualized consideration of post-sentencing developments and personal circumstances." ECF No. 472 at 2. Defendant's motion appears to be invoking § 1B1.13(b)(5), the "Other Reasons" provision, under which other reasons not specifically named may be considered extraordinary and compelling if the "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." The Court finds that Defendant's circumstances do not rise to a level of extraordinary and compelling to justify a reduction in sentence, as discussed below.

Defendant describes several circumstances that he believes constitute extraordinary and compelling reasons for release. First, Defendant provides documentation showing that he has been classified as low risk for recidivism by the Bureau of Prisons ("BOP"). ECF No. 472 at 20, Ex. D. Defendant further asserts that there is new evidence of his rehabilitation, including completion of educational and vocational courses, approval to teach a course, service as a Suicide Watch Companion, and participation in the BOP's Challenge Program. *Id.* at 4-5. However, as Defendant acknowledges, rehabilitation alone is insufficient to warrant relief and may only be considered in combination with other circumstances. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023).

Defendant also asks the Court to consider his youth at the time of the offense. ECF No. 472 at 6. When Defendant was sentenced, the Court took into consideration his characteristics as required under 18 U.S.C. § 3553(a), which necessarily included his age. 18 U.S.C. § 3582(c) was intended "to give courts a means to shorten sentences that had been rendered unjust by *post-*

sentencing developments," not to "second-guess sentencing decisions made long ago" through "facts or law that existed at the time the defendant was sentenced." *United States v. Dinwiddie*, No. 1:06-cr-134 CDP-2, 2024 WL 4692016, at *3 (E.D. Mo. Nov. 6, 2024), *aff'd,* No. 24-3408, 2025 WL 1510596 (8th Cir. Feb. 21, 2025) (citation omitted) (emphasis in original). Moreover, "given the seriousness of [Defendant's] offenses . . . compassionate release based on [Defendant's] 'youth' at the time of the offenses would be inappropriate." *Id.*; *see also United States v. Donahue*, 959 F.3d 864, 867 (8th Cir. 2020) (in deciding a challenge to the substantive reasonableness of a sentence, noting "[Defendant's] age – at least twenty-one during all considered offenses – indicates nothing extraordinary."); *United States v. Vest*, 754 F. Supp. 3d 829, 838-39 (W.D. Mo. 2024) (finding that, where defendant was between 16 and 20 years old at the time he committed serious offenses, compassionate release on the basis of youth was inappropriate).

Defendant also indicates that he has a plan for employment and housing upon release, along with family support. A plan for release, however, is not an extraordinary or compelling reason for release. *See, e.g., United States v. Stinson*, No. 4:15-CR-40100-01-KES, 2022 WL 2180224, at *6 (D.S.D. June 16, 2022).

In sum, Defendant has not demonstrated extraordinary and compelling circumstances recognized under U.S.S.G. § 1B1.13(b). Even considering the totality of the arguments set forth in Defendant's motion, his circumstances are common and do not rise to the level of extraordinary and compelling to warrant relief. Moreover, the remaining factors do not weigh in favor of a reduction.

**Community Safety and § 3553 Sentencing Factors**

Proceeding to the other requirements of 18 U.S.C. § 3582(c)(1)(A), the Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The Court must also give due

consideration to sentencing factors set forth in § 3553(a), as applicable.

Here, Defendant emphasizes his rehabilitation efforts, reflected in both his participation in courses and programs as well as his classification as low risk for recidivism by the BOP. ECF No. 472 at 6. He asserts that he is not a danger to the community. *Id.* He also submits a number of character letters. *Id.* at 24-41.

While the Court acknowledges Defendant's rehabilitative efforts, the fact remains that Defendant's offenses involved the distribution of heroin, three murders, and one attempted murder. The rehabilitative efforts described pale in comparison to the severity and violence of these offenses. In committing these offenses, the Defendant displayed a shocking level of violence and callous disregard for human life. Given the serious nature of Defendant's offenses, the Court continues to believe that the sentence is fair, just, and necessary to protect the community and provide adequate punishment and deterrence, and that no reduction is appropriate.

**Withdrawal of Counsel**

Due to Defendant's counsel's representation that he has identified a conflict of interest, the Court will grant the motion to withdraw as counsel. The Court finds that no new counsel need be appointed, as a supplement would not in any way change the Court's ruling on this motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for compassionate release (ECF No. 472) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to withdraw (ECF No. 473) is **GRANTED**.

Dated this 17th day of November, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE